Debra A. Brown, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 2, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Louis Lessem,* with him *Eileen D. Yacknin,* for petitioner.

*Carol A. Genduso,* Assistant Attorney General, for respondent.

OPINION BY JUDGE ROGERS, June 27, 1980:

Debra Brown has appealed from a decision of the Department of Public Welfare making final the order of a hearing examiner denying her public assistance for the time between her preliminary interview with welfare officials and the date her application for assistance was approved. We affirm.

Mrs. Brown went to the office of the Allegheny County Board of Assistance (CAO) on January 5, 1979, to apply for public assistance. She was then interviewed by a case worker, who after determining that Mrs. Brown did not need emergency assistance, gave her an appointment for the taking of a formal application on January 16, 1979. No formal application, that is written application executed by the appellant, was taken on January 5, 1979. The formal application was made, submitted and approved by the County Board on January 16, 1979, and assistance was authorized in the amount of $164.00 per month, effective that date. Mrs. Brown appealed the CAO's deci-

sion not to provide assistance for the period between January 5 and January 16 asserting that Department of Public Welfare's regulations require that assistance to one found eligible must accrue from the date first requested. After conducting a fair hearing, a hearing examiner dismissed the appeal and his decision became the final administrative action of the Department of Public Welfare. This appeal followed.

Mrs. Brown's argument is based entirely on Department of Public Welfare regulations which she says provide that assistance must be provided as of the day it is first requested by the applicant. Her reference is to the following regulations: 55 Pa. Code §123.22 where the word application is defined as "Any action by which a person indicates to the County Office that he wants to receive assistance"; and to 55 Pa. Code §225.22(i) which defines "Effective date" of an initial grant as "the date the applicant meets the eligibility conditions, which will be the first day covered by the grant, *as set forth in §225.24 of this title (relating to procedures)*." The portion of 55 Pa. Code §225.22(i) to which we have supplied emphasis, which seems to have been overlooked by Mrs. Brown's counsel because he makes no reference to it, is crucial. 55 Pa. Code §225.24(c)(1)(i) provides with respect to initial grants:

> Assistance will begin on or after the date decision is made that the applicant is or will be eligible. At the earliest, this will be the date the authorization, Form PA 122 or Form PA 122-E, is certified. At the latest, it will be the second regular payment day after the applicant is determined to be eligible.

The regulations also specify that the County Board must authorize the first assistance payment no later than ten work-days from the date of the person's request for assistance. 55 Pa. Code §125.24(d)(3).

Here, the County Board determined Mrs. Brown to be eligible for assistance on January 16, 1979, and assistance began on that day in accordance with the provisions of subparagraph 225.25(c)(1)(i). January 16, 1979, was the sixth work-day after January 5, 1979, two weekends and a holiday having intervened between those dates, and was thus within the period prescribed by subparagraph 125.24(d)(3).

Order affirmed.

### ORDER

AND Now, this 27th day of June, 1980, the final administrative action of the Department of Public Welfare dated April 19, 1979, is affirmed.